UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRUCE C. HAMLIN, et al.,

    Plaintiffs,

v.

JEFFREY WAYNE STRONG,

    Defendant.

Civil No. 05-1187-HA

O R D E R

HAGGERTY, Chief Judge:

    Plaintiffs have filed a Motion for Judgment on the Pleadings [5]. Defendant has filed a response titled "Commercial Notice Within the Admiralty for Lodgment on Demand in the Court Records of a Petition in the Nature of a Motion of Quash/Dismissal in Favor of Injured Third Party Intervenor on the Lodgment of Maritime Lien and Commercial Notice Within the

Admiralty of Foreign Judgment by Estoppel."  This Response fails to raise any meritorious arguments in response to plaintiffs' Motion for Judgment on the Pleadings.

In this case, Plaintiffs seek declaratory relief and a permanent injunction against defendant, who has sent sham legal documents to plaintiffs in which he claims that plaintiffs owe him $22,307,433,869,577.60. Defendant's sham legal documents are frivolous, nonsensical and have no legitimate power and effect.  Defendant's Response further establishes that plaintiffs' request for declaratory and injunctive relief is meritorious.

To the extent that defendant attempts to challenge whether this court may exercise personal jurisdiction and subject matter jurisdiction over this case, such challenges are overruled. Plaintiffs properly allege in their Complaint that complete diversity of citizenship exists because plaintiffs are citizens of the State of Oregon and defendant is a citizen of the State of Washington (Complaint ¶ 3). The amount in controversy, as noted above, is $22,307,433,869,577.60 (Complaint ¶ 4), well above the minimum required for diversity jurisdiction.  Moreover, federal question jurisdiction exists because this is a declaratory judgment action based upon defendant's assertion that his claim against plaintiffs arises under federal statutes 28 U.S.C. §§ 1333 and/or 1337 (Complaint ¶ 2).

This court concludes that personal jurisdiction over defendant exists as well.  Plaintiffs allege – without denial from defendant – that defendant has had minimum contacts with Oregon because he appeared in a lawsuit in the Multnomah County Circuit Court, Case No. 0401-10710 (Complaint ¶ 10).

To the extent that defendant intended his Response to be a construed as Motion to Quash/Dismiss, that motion is denied on grounds that defendant failed to comply with this court's Local Rules.  Furthermore, regardless of whether the Response was intended as a Motion to

Quash, it fails to present any grounds for refraining from granting plaintiffs' request for declaratory and injunctive relief. For the reasons stated above and the reasons stated in Plaintiffs' Memorandum in Support of the Motion for Judgment on the Pleadings, this court grants plaintiffs' Motion for Judgment on the Pleadings.

CONCLUSION

Plaintiffs' Motion for Judgment on the Pleadings [5] is granted. Plaintiffs shall submit a draft Judgment proposing appropriate relief within thirty days of the date of this Order. Defendant shall have fourteen days to file any objections to that submission. If objections are filed in a timely manner, plaintiffs' proposed Judgment will be taken under advisement as of the date the objections were filed. No Reply briefing and no oral argument will be scheduled.

IT IS SO ORDERED.

Dated this  20  day of January, 2006.

                                            /s/Ancer L.Haggerty  
                                              Ancer L. Haggerty  
                                          United States District Judge